**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MICHELLE BROWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01591-TWP-MG |
| | ) | |
| NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, | ) | |
| WINTRUST MORTGAGE A Division of Barrington Bank and Trust Co., NA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT, AND DIRECTING SERVICE**

This matter is before the Court on Defendant Nationstar and Wintrust's Motion to Dismiss the Amended Complaint (Dkt. 32) and *pro se* Plaintiff Michelle Browning's ("Browning") Motion for Leave to File Second Amended Complaint (Dkt. 47). Browning seeks to amend her claims against Defendants Nationstar Mortgage LLC ("Nationstar") and Wintrust Mortgage ("Wintrust") and seeks to add SFC Properties LLC ("SFC") and Steven F. Casebolt ("Casebolt") as defendants. For the reasons explained below, Browning's request for leave to amend is **granted,** the Second Amended Complaint is **screened,** and the Defendants Motion to Dismiss is **denied as moot**.

## I. BACKGROUND

This is Browning's second federal lawsuit arising out of state court foreclosure and eviction proceedings. On July 22, 2025, Browning filed her first federal lawsuit against Nationstar, Wintrust, and Wayne County officials, seeking damages and injunctive relief to stop the then-pending foreclosure, sheriff's sale, and eviction, *Browning v. Nationstar Mortgage LLC*, No. 1:25-cv-01472-JPH-KMB (S.D. Ind. July 22, 2025) ("*Browning I*"). The complaint in *Browning I* was

screened pursuant to 28 U.S.C. § 1915(e)(2)(B), and Judge Hanlon explained that Browning was barred from interfering with the underlying state court proceedings under the *Rooker-Feldman* doctrine and Anti-Injunction Ac (*Browning I*, Dkt. 15). All of Browning's claims were dismissed except her statutory claims. *Id.* at 6. Browning then voluntarily dismissed *Browning I*.

On August 11, 2025, Browning initiated this action against Nationstar, originally seeking only injunctive relief (Dkt. 1). On October 23, 2025, the Court granted Browning leave to proceed *in forma pauperis* and screened her original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (Dkt. 19). The Court explained that Browning's complaint must be dismissed for the same reasons explained in *Browning I*, *id.* at 5, but the Court gave her an opportunity to amend her complaint.

Browning filed an Amended Complaint on November 24, 2025 (Dkt. 21), naming Nationstar, Wintrust, SFC, and several attorneys and law firms (together, the "Attorney Defendants") as defendants. Browning asserted claims in both her individual capacity and as trustee of the Browning Family Trust, and asserted claims under: the Truth in Lending Act ("TILA"); the Real Estate Settlement Procedures Act ("RESPA"); the Fair Credit Reporting Act ("FCRA"); the Fair Debt Collection Practices Act ("FDCPA"); the Americans with Disabilities Act ("ADA"); the Consumer Financial Protection Act; and (7); a Consent Judgment. *Id.* Browning sought monetary damages and various types of declaratory relief, and an injunction "requiring Defendants to correct credit reporting" and "to preserve records."

On December 5, 2025, the Court screened the Amended Complaint and found that some of Browning's claims must be dismissed for failure to state a claim (Dkt. 26). In the Screening Entry, the Court explained that Browning could not proceed *pro se* on behalf of the Browning Family Trust, that the Amended Complaint did not contain enough factual allegations to form a plausible claim against SFC or the Attorney Defendants, that the Consumer Financial Protection Act and

Consent Judgment do not provide for private rights of action, and that her requests for declaratory relief were either duplicative or barred by the *Rooker-Feldman* doctrine. *Id.* at 4–6. The Court therefore dismissed Browning's claims brought on behalf of the Trust, claims against SFC and the Attorney Defendants, claims under the Consumer Financial Protection Act and Consent Judgment, and the requests for declaratory relief. *Id.* at 7. However, Browning's claims for monetary damages and injunctive relief against Nationstar and Wintrust under TILA, RESPA, the FRCA, the FDCPA, and ADA to proceed. *Id.* at 7. Because Browning is proceeding *in forma pauperis*, the Court designated the Clerk to issue process to Nationstar and Wintrust.

In early 2026, Nationstar and Wintrust appeared in this action by counsel, and on February 6, 2026, they filed their pending Motion to Dismiss the Amended Complaint (Dkt. 32). On July 21, 2026, the Court issued a Pretrial Schedule, which, in part, set an August 4, 2026 deadline for the parties to amend their pleadings and/or add parties (Dkt. 40 at 3). On August 7, 2026, Browning moved for a retroactive 30-day extension of the deadline to amend pleadings, and the Court extended the deadline to September 4, 2026 (Dkt. 43; Dkt. 44). On September 4, 2026, Browning filed a second motion for extension of time, asking for an additional 4-day extension of the deadline, to and including September 8, 2026 (Dkt. 45). The Court again granted Browning's request (Dkt. 46). On September 9, 2026, Browning filed the instant Motion for Leave to File Second Amended Complaint (Dkt. 47), brief in support (Dkt. 48), and proposed Second Amended Complaint (Dkt. 47-2). Wintrust and Nationstar filed their expedited response to the Motion for Leave on September 14, 2026 (Dkt. 50). No reply to the Motion for Leave was anticipated (Dkt. 49). The Defendants Motion to Dismiss and Browning's Motion for Leave are ripe for the Court's review.

## II. DISCUSSION

The Court addresses Browning's Motion for Leave first, before turning to Defendants' Motion to Dismiss. Browning requests leave to file her proposed Second Amended Complaint to: (a) "correct factual errors" in her Amended Complaint; add SFC and Casebolt as defendants; add claims related to the sale of the Property, SFC and Casebolt's entry onto the Property, and the disposal of Browning's personal property; and to "conform all pleadings to the full documentary record now available." (Dkt. 47 at 1).

### 1. Legal Standard

Federal Rule of Civil Procedure 15(a) governs amended pleadings before trial. Rule 15(a)(1) states:

> A party may amend its pleading once as a matter of course within 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12 (b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, pursuant to Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). The standard in Rule 15 is quite liberal, and only in very limited circumstances is a denial of leave to amend justified. Specifically, the Supreme Court has found "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" support a denial. *Id.* Absent such special circumstances, "the leave sought should, as the rules require, be 'freely given,'" and failure to do so would be an abuse of discretion. *Id.*

The Court finds that allowing Browning to amend at this time is appropriate under the liberal standard set forth in Rule 15. Wintrust and Nationstar argue that "filing of the Second Amended Complaint, as currently proposed by Plaintiff, should be denied as unduly prejudicial to Defendants and futile, mainly because the proposed amendment reintroduces counts that this Court previously explicitly dismissed." (Dkt. 50 at 1). However, the Court can resolve the sufficiency of each claim on the merits of those counts— Count 7 and Count 13—when it screens the Second Amended Complaint.

The Court finds that the interests of justice favor allowing amendment, so the operative pleading reflects the full scope of Browning's allegations. *See Estate of Simpson v. Bartholomew Cnty. Jail*, No. 14-cv-1035, 2014 WL 5817319, at *3 (S.D. Ind. Nov. 7, 2014) ("[T]he standard for futility of amendment asks whether the pleading as a whole could survive a motion to dismiss. Thus, even if . . . portions of the complaint . . . are futile, the remaining allegations . . . would allow the [proposed amended complaint] to survive a motion to dismiss, such that the Court should grant Plaintiff's motion to amend."); *Woodson v. 3M Co.*, No. 21-cv-50244, 2022 WL 1450385, at *5 (N.D. Ill. May 9, 2022) ("[A]rguments of partial futility do not persuade this Court to deny the motion to amend. Many courts grant a motion to amend where the plaintiff has put forth some allegations that allow the proposed amendment to survive a motion to dismiss, even if other portions of it are futile."); *Schenke v. Griffith*, No. 15-cv-75, 2016 WL 5852928, at *4 (N.D. Ind. Oct. 6, 2016) ("The court should grant the plaintiff's motion to amend if the plaintiff has put forth some allegations that allow the proposed amendment to survive a motion to dismiss, even if portions of the complaint are futile.").

The Court also finds no undue delay, bad faith, or dilatory motive on Browning's part. The Court notes that Browning's first request to extend the deadline to amend, and her Motion for

Leave, were only slightly belated, and that the Motion for Leave was filed only a few weeks after the original deadline to amend. Accordingly, the Court **grants** Browning's Motion for Leave to file her Second Amended Complaint.

**2. Screening Browning's Second Amended Complaint**

Because she is proceeding *in forma pauperis*, Browning's Second Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court accepts Browning's factual allegations as true at the pleading stage but not her legal conclusions.

Browning is a United States veteran with a service-related disability. In 2018, she purchased a property located at 3998 Emerald Circle, Richmond, Indiana (the "Property") (Dkt. 47-2 at 3–4). Wintrust originated the VA-guaranteed mortgage for the Property, and a year later, Browning refinanced the Property with Wintrust. *Id.* Browning alleges that the closing documents for the 2019 refinance falsely mischaracterized her VA disability benefits as "retirement income" and contained other misstatements about Browning's income. *Id.* at 5. She also alleges that her Closing Disclosure was not properly delivered to her and contained incorrect information. *Id.*

In early 2020, Browning experienced financial hardship, and from May 2020 to October 2022, her mortgage was temporarily placed in forbearance. *Id.* at 6. But in October 2022, Wintrust began reporting her account as delinquent, and in November 2022, Wintrust reported her account as "Foreclosure Started." In November 2022, the servicing of Browning's mortgage was transferred to Nationstar, although Browning was not given proper notice of this transfer. *Id.*

Also in November 2022, Browning disclosed her disability to Nationstar by phone and requested assistance and accommodation. Nationstar allegedly accused Browning of lying, denied her request for accommodation, and provided no information about assistance programs. *Id.* at 6–7. Browning also saw the first foreclosure-related notation on her consumer credit report around

this time. *Id.* Further, although the Indiana Homeowner Assistance Fund had been making payments for Browning from November 2022 to June 2023, Nationstar reported Browning's account as delinquent, failed to properly apply payments received, continued to pursue foreclosure proceedings, and "failed to treat the account as being in an active loss mitigation status." *Id.* at 7. Nationstar also allegedly added undisclosed, unauthorized fees to a subsequent state court foreclosure judgment and failed to satisfy various other statutes and/or regulations. *Id.* at 8–10.

Browning submitted Notices of Error to Nationstar, but it "failed to adequately respond" and failed to correct the errors identified in the Notices. The Indiana Attorney General's Office opened an investigation into Browning and Nationstar's dispute in 2023, and Browning filed complaints with the Consumer Financial Protection Bureau about Nationstar's alleged inaccurate credit reporting and servicing failures, but these efforts did not resolve Browning's concerns. *Id.*

In January 2025, Wintrust initiated foreclosure proceedings against Browning, *Wintrust Mortgage v. Michelle Ng, et al.*, No. 89D02-2501-MF-000006 (Wayne Sup. Ct. Jan. 14, 2025). *Id.* at 10. Browning alleges that Wintrust's complaint and default judgment motion in this case made material misstatements about the loan origination date, amounts at issue, and various exhibits. *Id.* Yet the state court entered a default judgment against Browning, and a sheriff's sale was held on July 17, 2025. *Id.* SFC purchased the Property at the sale. *Id.* at 12. Browning received none of the sale proceeds. *Id.* Browning filed her complaint in *Browning I* a few days later, on July 22, 2025.

In August 2025, SFC initiated an eviction action against Browning, *SFC Properties LLC v. Michelle Ng*, No. 89D03-2508-EV-000436 (Wanye Sup. Ct. Aug. 14, 2025). *Id.* at 15. Browning alleges that the eviction proceedings were deficient in several respects, and that her requests for disability accommodation under the ADA and Fair Housing Act were denied, leaving her unable to attend hearings. Nevertheless, the state court issued an order of eviction for September 23, 2025.

*Id.* [1] On September 23, 2025, Casebolt and a Wayne County Sheriff's deputy entered the Property and denied Browning's son entry. *Id.* at 16. In the following days and weeks, Casebolt and/or his agents removed, destroyed, or converted Browning's personal belongings, and then sold the Property to a third-party buyer. *Id.* at 16–17.

In her Second Amended Complaint, Browning asserts thirteen claims:

(1) violations of TILA, 15 U.S.C. §§ 1635, 1640, against Wintrust and Nationstar;

(2) violations of RESPA, 12 U.S.C. § 2605, 12 C.F.R. §§ 1024.35, 1024.39, 1024.41, against Wintrust and Nationstar;

(3) violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, against Nationstar;

(4) violations of the FCRA, 15 U.S.C. § 1681s–2(b), against Wintrust and Nationstar;

(5) Disability discrimination under the Fair Housing Act, 42 U.S.C. § 3604(f), 3605, against Wintrust and Nationstar;

(6) Fraud in the Inducement against Wintrust;

(7) Wrongful Foreclosure against Wintrust and Nationstar;

(8) Conversion against SFC and Casebolt;

(9) Intentional Infliction of Emotional Distress against all Defendants;

(10) Unjust Enrichment against SFC and Casebolt;

(11) Trespass against SFC and Casebolt;

(12) Civil Conspiracy against Wintrust and Nationstar; and

(13) Declaratory Relief against all Defendants.

*Id.* at 17–29. Browning seeks several forms of monetary damages, including compensatory, punitive, and liquidated damages, disgorgement, unspecified injunctive relief, and costs. Browning

[1] The Court takes judicial notice that on September 24, 2025, Browning appealed the eviction order to the Indiana Court of Appeals and moved for a stay of the trial court proceedings. *Michelle Karen Browning v. SFC Properties. LLC*, No. 25A-EV-02387 (Ind. Ct. App. Sept. 24, 2025). Browning's request for a stay and her appeal were later denied.

also seeks a declaratory judgment that: Defendants are obligated to rescind the 2019 refinancing; the state court foreclosure judgment is invalid; SFC and/or Casebolt are not bona fide purchasers of the Property; and that title to the Property is subject to a "cloud arising from the fraudulent origination of the subject mortgage loan." *Id.* at 28–30.

In their response brief, Wintrust and Nationstar argue that amendment would be futile and prejudicial "mainly because the proposed amendment reintroduces counts that this Court previously explicitly dismissed." (Dkt. 50 at 1). They specifically contend that Counts 7 and 13, alleging Wrongful Foreclosure and Declaratory Judgment, respectively, are identical to claims that were dismissed in the Court's December 5, 2025 Screening Entry and seek to invalidate the state court orders issued in the underlying foreclosure and eviction cases. *Id.* at 1–2. Wintrust and Nationstar do not identify any other prejudice that would result from granting Browning leave to file her Second Amended Complaint, or that such amendment would otherwise be futile.

The Court agrees with Wintrust and Nationstar that Counts 7 and 13 are patently futile for the reasons explained in *Browning I* and the Court's December 5, 2025 Screening Entry (Dkt. 26). Accordingly, the claims in Count 7 for Wrongful Foreclosure and Count 13 for Declaratory Relief are **dismissed**. As to the remaining claims in the Second Amended Complaint, at this time the Court has not concluded that they must be dismissed pursuant to § 1915(e), so those claims shall proceed. This ruling is without prejudice to the filing of a proper Rule 12 motion.

**3. Service of Process**

Because Browning is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to effectuate service on her behalf. Accordingly, the **Clerk is designated** pursuant to Rule 4(c)(3) to issue process to SFC and Casebolt in the manner specified by Rule 4(d). Process shall consist of the Second Amended Complaint (Dkt. 47-2), applicable forms

(Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**4. Defendants Nationstar and Wintrust's Motion to Dismiss Amended Complaint**

Because Browning's Second Amended Complaint supersedes the first Amended Complaint upon which the Motion to Dismiss is based, the Motion to Dismiss (Dkt. 32) is **denied as moot.**

**5. Deadlines**

Several deadlines have been scheduled in this action; the discovery deadline is November 17, 2026 and the dispositive motions deadline is December 14, 2026. This matter is also set for a final pretrial conference on December 29, 2027 and jury trial on January 24, 2028. As a final matter, Wintrust and Nationstar request that if the Court grants Browning leave to amend, that it also vacate or extend the discovery and dispositive motions deadlines in this case (Dkt. 50 at 2). The undersigned is not opposed to this request. However, new Defendants SFC and Casebolt have not been served and Defendants have not yet responded to the Second Amended Complaint. Wintrust and Nationstar's request is better resolved during a status conference with the Magistrate Judge, which will be set in due course.

## III. CONCLUSION

For the reasons stated above, Browning's Motion for Leave to File Second Amended Complaint, Dkt. [47] is **GRANTED**. Nationstar and Wintrust's Motion to Dismiss the Amended Complaint, Dkt. [32] is **DENIED** as moot.

Having screened the Second Amended Complaint, Count 7 (Wrongful Foreclosure) and Count 13 (Declaratory Relief) are **DISMISSED**. Counts 1 through 6 and Counts 8 through 12 of the Second Amended Complaint **shall proceed**.

The **Clerk is directed** to docket Browning's Second Amended Complaint, (Dkt. 47-2), as the operative complaint in this action, and to add SFC Properties LLC, and Steven F. Casebolt, as defendants on the docket.

Further, the **Clerk is designated** pursuant to Rule 4(c)(3) to issue process to SFC Properties LLC, and Steven F. Casebolt in the manner specified by Rule 4(d). Process shall consist of the Second Amended Complaint (Dkt. 47-2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED**.

Date: September 25, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHELLE BROWNING
15 Brasseler Blvd.
Apt B26
Savannah, GA 31419

Paulina Garga-Chmiel
Dykema Gossett PLLC
pgarga@dykema.com

SFC Properties LLC
2772 Wernle Road
Richmond, IN 47374

Steven F. Casebolt
2772 Wernle Road
Richmond, IN 47374